**Antonio Lopez ACUNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–98–00146–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 4, 1999.

Decided Feb. 5, 1999.

Victor Amador, Dallas, for appellant.

Anne Wetherholt, Assistant District Attorney, John C. Vance, Criminal District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

Justice GRANT.

Antonio Acuna appeals from the revocation of his community supervision. He pleaded true to allegations that he had violated the terms under which he had been placed on community supervision, and the court revoked his probation and ordered him imprisoned for five years.

On appeal, Acuna contends that his due process right was violated by the trial judge, who conversed with him in Spanish without a translator present to preserve the statements for the record. The court reporter notes that each dialog occurred, but it was not transcribed.

We first address the State's contention that we have no jurisdiction to consider the appeal because the notice of appeal was file-marked one day after the last day on which the notice of appeal could properly be filed pursuant to TEX.R.APP. P. 26.2(a), and that the mailbox rule does not apply because there is no indication that the notice of appeal was mailed. TEX.R.APP. P. 9.2.

The notice of appeal was filed by the appellant, pro se. Although it does not contain an internal date, because he was incarcerated at the time of filing, it is apparent that he mailed the document to the court. This is supported by the inclusion by the district clerk's office of a portion of an envelope reflecting his return address that was copied onto the notice of appeal during preparation of the clerk's record. From the information before us, we find it reasonable to conclude that the notice of appeal was timely mailed and was therefore timely filed.

We now turn to the merits of Acuna's contention of error. We do not approve of the trial court's actions. The court should have conducted all of the proceeding in English unless a translator was available so that a record could be made for appellate review. However, there was no objection at trial and no contention on appeal that what was said in any way harmed Acuna. The brief filed for Acuna speculates that some impropriety may have occurred, but Acuna did not raise any specific complaint by affidavit in a motion for new trial or by any other method. Because Acuna has failed to demonstrate any impropriety in what was said and failed to object to the procedure, we find no error.

The judgment is affirmed.