In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00003-CV


______________________________




MELISSA RAINES, Appellant



V.



SONIA GOMEZ, Appellee




 


On Appeal from the County Court at Law


Hopkins County, Texas


Trial Court No. CV01-06329




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 This is an appeal from a default judgment for eviction, back rent, and property
damages. Melissa Raines rented a house in Sulphur Springs beginning in May 1997. 
After expiration of the first year's lease, Raines did not renew her lease but continued to
rent the home on a month-to-month basis. Soon thereafter, Raines stopped paying rent. 
On August 8, 2001, Sonia Gomez gave Raines notice to vacate the rental property. 
Gomez then sued for eviction, back rent, property damages, and court costs in justice
court, and prevailed in that forum. Raines appealed to the county court at law and, after
failing to appear at the final hearing, the court rendered judgment in Gomez' favor for
$4,200.00 for back rent and property damages, and ordered Raines to vacate Gomez'
property.

 In her appeal to this Court, Raines contends the trial court improperly rendered a
default judgment because Raines did not receive actual notice of the final trial setting, the
trial court lacked jurisdiction to render a final judgment, the evidence is factually insufficient
to support the trial court's judgment, the trial court erred in denying Raines' motion for
summary judgment, the trial court erred by not granting Raines' counterclaim, the trial court
erred by not ordering mediation, the trial court erred by denying Raines' pretrial motions,
and the trial court's judgment conflicts with its findings of fact and conclusions of law.

 In civil cases, the notice of appeal must be filed within thirty days from the date of
judgment or within ninety days from the date of judgment if the appealing party filed a
motion for new trial. Tex. R. App. P. 26.1. A motion for new trial must be filed within thirty
days from the date the trial court imposes its judgment. Tex. R. Civ. P. 329b(a). These
timetables must be met to invoke this Court's jurisdiction. See Foster v. Williams, 74
S.W.3d 200 (Tex. App.-Texarkana 2002, pet. denied).

 In this case, the trial court rendered judgment in favor of Gomez December 20,
2001. Raines' motion for new trial was due Monday, January 21, 2001, since the thirtieth
day fell on a Saturday. See Tex. R. App. P. 4.1(a); Tex. R. Civ. P. 4, 329(b). Raines filed
her motion for new trial January 23, 2002. Accordingly, her motion for new trial was
untimely and cannot serve to enlarge the timetable for filing her notice of appeal.

 Raines filed her notice of appeal March 25, 2002. This is well beyond the thirtieth
day from the date of judgment. It is also outside the ninety-day filing period had her motion
for new trial been timely; the last day for filing the notice of appeal in that situation was
Wednesday, March 20, 2002.

 Raines has failed to invoke this Court's jurisdiction. Her appeal is dismissed for
want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: October 24, 2002

Date Decided: October 25, 2002


Do Not Publish


OPINION ON REHEARING



 Melissa Raines, pro se appellant, filed an unverified motion for rehearing with this
Court. We dismissed her appeal for want of jurisdiction due to the untimely filing of her
notice of appeal. Raines contends that the record shows she mailed her notice of appeal
in a timely fashion, but that the document was not received by the district clerk until after
the filing deadline. She asks us to apply the "mailbox rule" to make her notice of appeal
timely. See Tex. R. App. P. 9.2(b) (document timely filed if placed in envelope with proper
first-class postage and mailed on or before last day of filing).

 The clerk's record in this case does not indicate when Raines mailed her notice of
appeal to the trial court. There is no dated cover letter regarding her notice of appeal. 
Such would evidence the date Raines mailed her notice of appeal to the trial court. The
clerk's record also lacks a copy of the envelope in which Raines mailed her notice of
appeal. The postmark on that envelope could be evidence of timely filing. Raines has not
supplemented the clerk's record with a "green card" or other postal receipt showing the
document was mailed to the trial court on or before the due date. See Tex. R. App. P.
34.5(c). Because the record contains no clear evidence of the date of mailing, we would
have to look to sources outside the existing record to determine the date of mailing to apply
the mailbox rule.

 A motion need not be verified unless it depends on the following types
of facts, in which case the motion must be supported by affidavit or other
satisfactory evidence. The types of facts requiring proof are those that are:


 (a) not in the record;


 (b) not within the court's knowledge in its official capacity; or


 (c) not within the personal knowledge of the attorney signing the
motion.


Tex. R. App. P. 10.2 (emphasis added).

 Raines claims, "The trial court clerk's record shows the notice was mailed on
March 20 by first-class mail . . . ." While this statement is correct, it is equally misleading. 
Raines' notice of appeal shows only that Raines mailed the document to the appellee on
March 20, 2002; it does not show Raines mailed it to the clerk of the trial court on
March 20, 2002. Raines would have this Court accord evidence of mailing to one recipient
as evidence of mailing to all recipients. We decline to make such an assumption.

 In Acuna, we found that appellate jurisdiction existed even though the appellant's
notice of appeal was not filed until the day after the deadline for timely filing had passed. 
Acuna v. State, 988 S.W.2d 299, 300 (Tex. App.-Texarkana 1999, no pet.). In Acuna,
there was reasonable evidence in the record for this Court to find it had jurisdiction: the
appellant was incarcerated at the time he filed his notice of appeal pro se, he was thereby
limited to filing by mail, and the notice of appeal was received one day after the deadline. 
The clerk's record also included a copy of Acuna's return address as evidence of his
incarceration. Based on such evidence, we concluded Acuna timely mailed his notice to
the appropriate court using a properly addressed envelope with sufficient first-class
postage. See id. Similar evidence does not exist in the case at bar. There is no
evidence Raines was incarcerated at the time she filed her notice of appeal. There is no
evidence the envelope was properly addressed with sufficient first-class postage. Her
notice of appeal was not received by the district clerk until five days after the deadline.

 Additionally, her motion for rehearing does not affirmatively state she mailed her
notice of appeal in a timely fashion. Her motion states the "record reflects" that mailing
was timely. However, the record does not support such a conclusion: as explained above,
the record reflects only service of her notice of appeal on her opponent, not on the trial
court. 

Matters outside the appellate record that establish justiciability or the lack
thereof, that is whether an appeal is moot, are plainly cognizable by an
appellate court. As explained by the Eastland Court of Appeals, we have
authority to consider affidavits in this situation under Rule 19(d), TEX. R.
APP. P. Aycock, 853 S.W.2d at 164; see also Tex. Gov't Code Ann.
§ 22.220(c) (Vernon 1988) ("Each court of appeals may, on affidavit or
otherwise, as the court may determine, ascertain the matters of fact that are
necessary to the proper exercise of its jurisdiction.") (emphasis added);
Roach v. Roach, 672 S.W.2d 524, 533 (Tex. App.-Amarillo 1984, no writ). 


Bloom v. Bloom, 935 S.W.2d 942, 946 (Tex. App.-San Antonio 1996, no writ) (cited
approvingly in Woodland v. Wisdom, 975 S.W.2d 712, 716 (Tex. App.-Texarkana 1998,
no pet.)).

 Because the motion for rehearing does not allege facts within Raines' personal
knowledge of timely service, we may only look to evidence outside the record if such
evidence is presented in the form of a verified motion. See Tex. Gov't Code Ann.
§ 22.220(c) (Vernon 1988); Tex. R. App. P. 10.2; Woodland, 975 S.W.2d at 716. No
verified motion has been filed with this Court. Therefore, we have no evidence before us
that Raines filed her notice of appeal in a timely manner.

 We overrule the motion for rehearing.


 Donald R. Ross

 Justice



Date Decided: December 4, 2002


Do Not Publish



dy being charged with a crime when they said, hey, I just found this piece
of stuff and reported it to a guard?

 

 A: Not to my knowledge.

 

 [Sanchez's Counsel]: Your Honor, I'm going to object. I believe this
is a comment on Mr. Alfonso Sanchez's right to custodial silence under the Fifth
Amendment.

 

 [State's Counsel]: Your Honor, I don't believe that's a comment on
that at all.

 

 THE COURT: Overruled.

 

 Q: So if someone found something, if an offender just finds something
out on the unit and they report it, hey, I found this, they're not necessarily charged
with that?

 

 A: No.


 Sanchez complains on appeal that the State's questions commented on Sanchez's custodial
silence, that is, his failure to report the shank before it was discovered by officers. But Sanchez's
objection came only after the State had asked the question of Butler twice and he had answered both
questions. While the objection would have been timely as to the second question and answer, the
first question and answer went without objection.

 As with the questions concerning the character of the defense witness, Sanchez failed to
make a timely and specific objection at the earliest possible opportunity, that is, as to the State's first
question about whether prisoners get in trouble for reporting contraband. See, e.g., Ranson, 707
S.W.2d at 98-99; Cohran, 2006 WL 2918560, at *4. The first question was not at all unclear, and
its nature was apparent immediately when it was asked. Sanchez's failure to object to the first
question and answer waived any error. (7)






 Because Sanchez has failed to preserve any error for appeal, we affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 27, 2007

Date Decided: September 4, 2007


Do Not Publish
1. The prison had a regular general inspection for contraband.
2. "Shank" is prison slang referring to a homemade knife or stabbing device.
3. Although Sanchez complains in his appellate brief under both Rule 404(a) and Rule 405(a),
the brief discusses only Rule 404(a). See Tex. R. App. P. 38.1(e), (g), (h). A point of error that is
conclusory and cites no authority presents nothing for review. See Garcia v. State, 887 S.W.2d 862,
871 (Tex. Crim. App. 1994). We find the point of error, insofar as it claims error under Rule 405(a),
to be inadequately briefed and decline to address its substance. See Tex. R. App. P. 38.1(h); Garcia,
887 S.W.2d at 871.
4. Sanchez's counsel called his objection a "404a and 405a objection." See Tex. R. Evid.
404(a), 405(a). Rule 404(a)(3) would allow evidence of a witness' character only under Rules 607,
608, and 609 of the Texas Rules of Evidence. See Tex. R. Evid. 404(a)(3). And Rule 608(b) forbids
impeachment of a witness by inquiry into specific instances of the witness' conduct, except for
convictions as set out in Rule 609. See Tex. R. Evid. 608(b).
5. Sanchez does not, in his brief, address any error in the State's unanswered question to
Woolverton regarding contraband. We find the point of error, insofar as it claims error under Rule
404(a) from the question regarding contraband, to be inadequately briefed and decline to address its
substance. See Tex. R. App. P. 38.1(h); Garcia, 887 S.W.2d at 871. 
6. We acknowledge that the State's response to this objection referenced the full line of
questioning. Nonetheless, Sanchez did not himself object to the entire line; his objection, by its
terms, does not explicitly include any of the earlier questions in its intended scope.
7. We also note that Sanchez's objection to the second question was made solely on the basis
of the Fifth Amendment to the United States Constitution. See Heidelberg v. State, 144 S.W.3d 535,
537 (Tex. Crim. App. 2004) (Fifth Amendment applies to post-arrest silence after Miranda warnings
given, while Article I, Section 10 of Texas Constitution protects post-arrest silence but includes
silence before Miranda warnings); see also Miranda v. Arizona, 384 U.S. 436 (1966). Not only is
it doubtful that the questions constituted a comment on Sanchez's failure to report the shank in his
cell before officers discovered it, but it is doubtful that prosecutorial use of that failure was
impermissible under the Fifth Amendment. See Jenkins v. Anderson, 447 U.S. 231 (1980) (no
constitutional obstacle to use of prearrest silence for impeachment purposes; "privilege against
compulsory self-incrimination is simply irrelevant to a citizen's decision to remain silent when he
is under no official compulsion to speak." (Stevens, J., concurring)); United States v. Frazier, 408
F.3d 1102, 1110 (8th Cir. 2005).