**Robert Steven DAVIS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–00262–CR.**

Court of Appeals of Texas,
Dallas.

March 30, 2004.

Russell Wilson, Law Office of Russell Wilson II, Dallas, for Appellant.

Christi Dean, Asst. Dist. Gen., William T. (Bill) Hill, Jr., Dallas, for State.

William T. (Bill) Hill, Jr., for The State of Texas.

Before Justices WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

Robert Steven Davis appeals his conviction for evading arrest. Appellant waived a jury trial and entered a negotiated guilty plea before the trial court. According to the terms of his plea bargain agreement, the trial court sentenced appellant to seven years' imprisonment. In a single issue, appellant seeks to enforce a prior plea bargain offering a two-year sentence. For the reasons that follow, we affirm.

## PROCEDURAL BACKGROUND

Appellant originally entered into a plea bargain with the State in which he would receive a 270–day sentence. After completing negotiations, but before appellant entered his guilty plea, the State discovered that this sentence fell below the newly increased statutory minimum. An assistant district attorney revised the face of the plea agreement, deleting "270 days" and replacing it with a two-year sentence. Although the revised plea agreement is file stamped April 4, 2002, and appellant claims his guilty plea was accepted on that date, no evidence in the record indicates that a trial court conducted a plea hearing on, or accepted, this two-year agreement.

On January 6, 2003, the trial court conducted a plea hearing on a third plea agreement, in which appellant and the State agreed to a seven-year sentence. At the hearing, counsel questioned appellant about the two-year plea agreement and verified that appellant now wished to enter a guilty plea under the seven-year plea agreement.[1] The trial court admonished appellant and accepted his guilty plea. Both sides examined appellant, and the State entered appellant's judicial confession and the seven-year plea agreement into evidence. At the close of the hearing, the trial judge signed the seven-year plea agreement and imposed that sentence. This appeal followed.

## JURISDICTION

■ Initially, we consider whether appellant's motion for new trial and notice of appeal were filed timely to invoke appellate jurisdiction over the judgment. Although the State does not raise this issue in its briefing, we note that both appellant's motion for new trial and notice of appeal were filed on the thirty-first day after sentencing. Accordingly, we requested the parties supply letter briefs to assist us in determining whether this Court has jurisdiction over the appeal.

### A. Applicable Law

■ A timely notice of appeal is required to invoke a court of appeals' jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 209 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. Tex.R.App. P. 26(a)(1)-(2); *Olivo*, 918 S.W.2d at 522.

---

1. Appellant's counsel at this hearing was not the same attorney who represented appellant during negotiations for the two-year plea agreement. Counsel apparently addressed these issues to preserve appellant's right to appeal his conviction for ineffective assistance of prior counsel and to clearly record appellant's willingness to enter the seven-year plea. The record does not reflect why the two-year agreement was abandoned.

Under Texas Rule of Appellate Procedure 9.2(b),

> (1) A document received within ten days after the filing deadline is considered timely filed if:
>
>> (A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail;
>>
>> (B) it was placed in an envelope or wrapper properly addressed and stamped; and
>>
>> (C) it was deposited in the mail on or before the last day for filing.

TEX.R.APP. P. 9.2(b)(1); *Moore v. State*, 840 S.W.2d 439, 441 (Tex.Crim.App.1992) (discussing former appellate rule 4(b), precursor to Rule 9.2); *Douglas v. State*, 987 S.W.2d 605, 605, n. 1 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In proving the date of mailing, evidence such as a postmark, receipt for registered or certified mail, or certificate of mailing establishes conclusive proof. TEX.R.APP. P. 9.2(b)(2). However, the appellate court may also consider other proof. *Id.; Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex.1995) (attorney's uncontroverted affidavit may be evidence of date of mailing); *Jacobs v. State*, 115 S.W.3d 108, 111 (Tex.App.-Texarkana 2003, pet. ref'd) (certificate of service evidence of mailing date); *Acuna v. State*, 988 S.W.2d 299, 300 (Tex.App.-Texarkana 1999, no pet.) (notice of appeal file-marked one day late considered timely where return address on envelope showed appellant mailed the notice from prison).

## B. Application of Law to Facts

In the instant case, the trial court imposed the sentence on January 6, 2003. Appellant did not file any motion within thirty days. However, on February 6, 2003, the district clerk received and filed appellant's motion for new trial and notice of appeal. Appellant's counsel asserts he mailed the motion for new trial on February 4, 2003. Accordingly, he claims the motion is timely under Texas Rule of Appellate Procedure 9.2(b). If, in fact, counsel mailed the motion for new trial pursuant to Rule 9.2(b), the time for perfecting an appeal is extended. *See* TEX.R.APP. P. 25.2. Thus, appellant's February 6, 2003 notice of appeal would be timely and invoke appellate jurisdiction.

Appellant provides none of the conclusive proof enumerated in Rule 9.2(b)(2). Instead, appellant's counsel presents this Court with an unsworn letter brief in which he asserts the motion for new trial was addressed to the appropriate clerk and placed in the mail on February 4, 2003, the same date he mailed the motion to the State. Counsel directs us to the copy of the motion in the clerk's record. We note that the motion for new trial reflects a February 4, 2003 mailing date on the motion's certificate of service. That certificate states only that the motion was served on the State by mail. Appellant's counsel explains that it is his normal practice to mail pleadings to the district clerk's office on the date provided in the certificate of service.

■ In order to provide "other proof" pursuant to Rule 9.2(b)(2), the better practice is for counsel to supply an affidavit attesting to the mailing date. *Lofton*, 895 S.W.2d at 693–94. However, counsel has a duty of candor to this Court. TEX. DISCIPLINARY R. PROF. CONDUCT § 3.03 cmt. 5, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). We may accept uncontroverted representations of counsel as evidence. *See State v. Rangel*, 980 S.W.2d 840, 845 (Tex.App.-San Antonio 1998, no pet.) (attorney's unsworn uncontested statement at speedy trial hearing found to be evidence of the fact it asserted); *Santallan v. State*, 922 S.W.2d 306, 308 (Tex.

App.-Fort Worth 1996, pet. ref'd) (same); *Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997) (opponent of testimony waives oath requirement by failing to object). Counsel's letter brief describes the common practice of mailing documents to the court and to opposing counsel on the same date. Additionally, the record shows that counsel certified February 4, 2003 as the mailing date for the State's copy of the motion for new trial. This, coupled with counsel's letter brief, provides other proof that the motion for new trial was timely filed pursuant to Rule 9.2(b). Accordingly, we conclude appellant's February 6, 2003 notice of appeal was timely and invoked the jurisdiction of this Court. We turn now to the merits.

### ENFORCEMENT OF PLEA AGREEMENT

In a single issue, appellant seeks to enforce a two-year plea bargain agreement that preceded the State's seven-year offer. Appellant argues that because the bargaining exchange failed, he was entitled to either specific performance of the plea or withdrawal of the plea. The State contends appellant cannot show that the two-year plea bargain offer ever became an enforceable contract.

### A. Standard of Review and Applicable Law

Absent a showing to the contrary, a reviewing court presumes the regularity of judgments and plea proceedings. *See Ex parte Wilson,* 716 S.W.2d 953, 956 (Tex. Crim.App.1986). Appellant bears the burden to overcome this presumption. *Id.*

A plea agreement is a contractual arrangement that does not become binding until all necessary parties agree to its terms. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2004); *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex.Crim.App.

1996). A trial court is free to accept or reject a plea bargain agreement. *See Holland v. State,* 112 S.W.3d 251, 254 (Tex. App.-Austin 2003, no pet.). Thus, a defendant is entitled to specific performance of a plea agreement only if the trial court accepts and approves the negotiated plea agreement. *See Ortiz,* 933 S.W.2d at 104; *Perkins v. Court of Appeals,* 738 S.W.2d 276, 283 (Tex.Crim.App.1987). Before accepting a defendant's guilty plea pursuant to a plea agreement, the trial court shall admonish the defendant of:

> the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.

*Perkins,* 738 S.W.2d at 283 (quoting TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2)).

### B. Application of Law to Facts

In this case, the record provides no evidence that the two-year plea agreement ever became binding. The record does not reveal, nor does appellant assert, that the trial court conducted a hearing on the first plea agreement pursuant to article 26.13(a)(2). No evidence in the record shows the trial court accepted appellant's guilty plea or the agreement. Moreover, the two-year plea agreement contained in the record is not signed by the trial judge. A plea agreement does not become binding until all necessary parties agree to its terms. *Ortiz,* 933 S.W.2d at 104. Here,

the record lacks evidence showing the trial court's agreement. Thus, we conclude the two-year agreement never became binding. Appellant is not entitled to specific performance.

Because the two-year agreement was not binding, appellant was free to accept or reject the subsequent seven-year plea offer. *See id.* The record reveals appellant accepted the seven-year agreement. At the only plea hearing of record, the trial court and appellant's counsel referenced the two-year agreement and clarified that appellant was entering a guilty plea with a seven-year plea agreement recommendation. After the trial court admonished appellant, appellant freely entered his guilty plea according to the terms of the seven-year plea agreement. Appellant has presented no evidence, nor does the record reflect any, that overcomes the presumption of regularity in the judgment and plea proceedings at issue. Accordingly, we resolve appellant's sole issue adversely to him.

## CONCLUSION

Having resolved appellant's sole issue adversely to him, we affirm.