IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00264-CR

 

Paul Thomas Roberts,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court # F36662

 



MEMORANDUM 
Opinion



 

          A
jury convicted Paul Thomas Roberts of evading arrest or detention in a vehicle,
which was elevated to a third degree felony by a prior evading conviction.  Roberts pleaded “true” to enhancement
allegations, and the court sentenced him to twenty-five years’
imprisonment.  Roberts contends in three
issues that: (1) his constitutional right to a speedy trial was violated; (2)
he should have been convicted of a state jail felony because the prior evading
conviction occurred before the Legislature amended the evading statute to
create the third degree offense; and (3) the admission of the judgment from the
prior evading conviction was an improper comment on the evidence by the trial
judge and disqualified the judge because the same judge had signed the prior
judgment.  We will affirm.

Roberts
Was Not Denied His Right To A Speedy Trial

          Roberts
contends in his first issue that his constitutional right to a speedy trial was
violated by the nine-month delay between his arrest and his trial.  Because the delay was less than a year, both parties
bear some responsibility for the delay, and Roberts has not shown that his
defense was prejudiced by the delay, we will overrule this issue.

          We
assess four non-exclusive factors when considering a speedy trial claim: (1)
the length of the delay; (2) the reasons for the delay; (3) the timeliness of
the defendant’s assertion of his right to a speedy trial; and (4) any prejudice
to the defendant caused by the delay.  Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972); Shaw v. State, 117 S.W.3d 883, 888-89 (Tex. Crim. App. 2003).

          The
Supreme Court has described the first factor as “a triggering mechanism” for
consideration of the remaining factors.  Barker, 407 U.S. at 530, 92 S. Ct. at 2192; Shaw,
117 S.W.3d at 889.  That Court has
observed that a nine-month delay “may be wholly unreasonable under the
circumstances.”  Barker, 407 U.S. at 528, 92 S. Ct. at 2191; County
v. State, 812 S.W.2d 303, 309 (Tex. Crim. App. 1989); but see Tobias v. State, 884 S.W.2d 571, 586 (Tex. App.—Fort Worth
1994, pet. ref’d) (9-month delay not “presumptively prejudicial”); Hart v. State, 818 S.W.2d 430, 437 (Tex.
App.—Corpus Christi 1991, no pet.) (same). 
The delay in Roberts’s case was nine months.  Accordingly, we consider the remaining
factors.  See Barker, 407 U.S. at 528, 92 S. Ct. at 2191; County,
812 S.W.2d at 309.

          Roberts’s
trial was delayed for several reasons. 
Roberts was arrested in August 2002, a few days after a grand jury
presented an indictment against him.  Two
months later, the State obtained a new indictment with an enhancement
allegation.

          On
January
 30, 2003, Roberts filed
a request for notice of extraneous offenses under Rule of Evidence 404(b) and
article 37.07, section 3(g) of the Code of Criminal Procedure.  The case was set for jury trial on March
3.  The court held a pretrial hearing on
the Thursday before trial.  Roberts’
counsel stated at that hearing that the State had provided him everything
necessary to prepare for trial but asked that the State provide him with a
formal notice of its intent to offer extraneous offenses “over the
weekend.”  The State faxed its notice to
Roberts’ counsel on the Sunday before trial at approximately 6:00 p.m.[1]

          Roberts
filed a continuance motion on the morning of trial complaining that the State
had not provided reasonably timely notice of its intent to offer the eleven
extraneous offenses listed.  The
prosecutor reminded the trial court of Roberts’ counsel’s statements at the
pretrial hearing and insisted that her notice was timely because it had been
made “over the weekend.”  The prosecutor
also declared her intent to seek another indictment if a continuance was
granted, adding another enhancement allegation and increasing the range of
punishment to that for an habitual offender. 
The court took the continuance motion under advisement and suggested
that the parties confer over the lunch hour to try to resolve the matter.

          When
the hearing resumed, Roberts’ counsel asked the court to rule first on his
contention that the extraneous offenses listed in the State’s notice were
inadmissible because the notice was late. 
Counsel observed that a continuance would be unnecessary if the court
ruled the extraneous offenses inadmissible. 
The court noted that the continuance motion had been the focus of the
hearing when it was recessed.  The
prosecutor commented that she would not oppose a continuance.  Defense counsel observed that he could
withdraw the continuance motion and reiterated that a continuance would be
unnecessary if the court ruled the extraneous offenses inadmissible.

          At
this point, the court granted the continuance motion.  Roberts’ counsel asked the court not to and
stated counsel’s desire to withdraw the motion at that point.  The court denied the request to withdraw the
continuance motion.  Roberts’ counsel
argued vehemently that the admissibility of the extraneous offenses should be
decided first and that the court should permit the withdrawal of the
continuance motion.  The court refused to
do so and ultimately had Roberts’ counsel escorted from the courtroom.

          The
State obtained another indictment against Roberts later that month, alleging
two prior felony convictions to enhance his punishment to that for an habitual
offender.  Roberts’ counsel filed a
motion to recuse the trial judge, which was referred to the presiding judge of
the administrative judicial region, who granted it.  Thereafter, Roberts’ case was transferred to
the other district court in the county.

          On
May 16, the court heard Roberts’ pretrial application for habeas relief
premised on speedy trial grounds.  After
a hearing, the court refused to issue the requested writ.  The parties agreed to reappear three days
later for further pretrial hearings.  On
that date, Roberts presented his motion to set aside the indictment on speedy
trial grounds.  After a hearing, the
court took the matter under advisement. 
The next morning, the court heard further argument on the motion, then
denied it.  Jury selection began on May
20, about nine and one-half months after Roberts’ arrest.

          From
this review of the pretrial history of Roberts’ case, it appears that both
parties bear some responsibility for the delays.

          Roberts
first made a speedy trial claim in March, about seven months after his
arrest.  He repeatedly asserted his right
to a speedy trial during the weeks leading up to his trial.  Thus, Roberts made a timely demand for a
speedy trial.

          The
right to a speedy trial was designed: (1) to prevent oppressive pretrial
incarceration; (2) to minimize anxiety and concern of the defendant; and (3) to
limit the possibility that the defense will be impaired.  Barker,
407 U.S. at 532, 92 S. Ct. at 2193; Shaw,
117 S.W.3d at 890.  “Of these, the most
serious is the last, because the inability of a defendant adequately to prepare
his case skews the fairness of the entire system.”  Id.  However,
the other factors are important as well.

          Roberts
testified that the delay caused him prejudice because he lost about $44,000 in
wages, he was unable to obtain a promotion he was in line for and the resulting
increase in benefits and pay, and that his family is on the verge of bankruptcy
because his wife’s earnings are not adequate to pay their bills.  Roberts stated that, after he was reindicted,
he was “terrified,” had lost sleep, and had become physically ill.  He noted that he had been married for only
eighteen months and had spent half of the marriage in jail.  He testified that the incarceration had been
difficult for both his wife and him.

          Roberts’
testimony is some evidence of prejudice in the form of personal anxiety and
concern.

          The
delay was less than a year.  Both parties
bear some responsibility for the delay. 
Roberts timely asserted his right to a speedy trial.  Although Roberts testified to personal
anxiety and concerns brought about because of the delay, he presented no
evidence that his defense was impaired in any manner by the delay.  Under these circumstances, we cannot say that
Roberts’ right to a speedy trial was violated by the nine-month delay.

          Accordingly,
we overrule Roberts’ first issue.

The
Third Degree Charge Was Proper

          Roberts
contends in his second issue that the State improperly elevated the evading
charge to a third degree felony because his prior evading conviction occurred
before the Legislature amended the statute to authorize the third degree felony
charge.  However, this Court has already
rejected this contention in a similar case because the date of the prior
conviction is not an element of the offense. 
Powell v. State, No.
10-02-00358-CR, 2004 Tex. App. LEXIS 9368, at *14-15 (Tex. App.—Waco Oct. 20,
2004, pet. filed) (citing State v. Mason,
980 S.W.2d 635, 641 (Tex. Crim. App. 1998); Manning
v. State, 112 S.W.3d 740, 743 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d)).

          Accordingly,
we overrule Roberts’ second issue.

The Trial Judge’s Signature On The
Prior Judgment Is Not A

Comment On The Evidence Or
Testimony By The Judge

And Does Not Constitutionally
Disqualify The Judge

 

          Roberts
contends in his third issue that the admission of the judgment for the prior
evading conviction, which bears the trial judge’s signature, violates Rule of
Evidence 605, article 38.05 of the Code of Criminal Procedure, and article V,
section 11 of the Texas Constitution.

          Roberts
objected to the admission of the judgment because it recited that his
punishment for the prior conviction was 90 days in jail and included documents
referring to a separate felony DWI prosecution. 
Roberts argued that the admission of the judgment violated Rules of
Evidence 401, 402, 403, and 404(b) and (consistent with his second issue) that
the prior evading conviction could not be used to make the present offense a
third degree felony because it occurred before the Legislature amended the
statute to authorize the third degree felony charge.

          Because
Roberts did not contend at trial that the admission of the judgment violated  article 38.05, he has not preserved this
aspect of his third issue for our review. 
See Tex. R. Evid. 103(a)(1);
Sharp v. State, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986); Hoang v. State, 997 S.W.2d 678, 680
(Tex. App.—Texarkana 1999, no pet.); Moore
v. State, 907 S.W.2d 918, 921 (Tex. App.—Houston [1st Dist.] 1995, pet.
ref’d).

Conversely, claims under Rule 605 and article V,
section 11 may be raised for the first time on appeal.  See
Tex. R. Evid. 605 (“No objection
need be made in order to preserve the point.”); Johnson v. State, 869 S.W.2d 347, 349 (Tex. Crim. App. 1994)
(disqualification under art. V, § 11 may be raised at any time); Madden v. State, 911 S.W.2d 236, 240
(Tex. App.­—Waco 1995, pet. ref’d) (same).

          Rule
605 provides in pertinent part that “[t]he judge presiding at the trial may not
testify in that trial as a witness.”  Tex. R. Evid. 605.  This rule means that a presiding judge “may
not ‘step down from the bench’ and become a witness in the very same proceeding
over which he is currently presiding.”  Hensarling v. State, 829 S.W.2d 168, 170
(Tex. Crim. App. 1992); George v. State,
20 S.W.3d 130, 140-41 (Tex. App.­—Houston [14th Dist.] 2000, pet. ref’d); accord Franks v. State, 90 S.W.3d 771,
780-81 (Tex. App.­—Fort Worth 2002, no pet.). 
Here, the trial judge did not “step down from the bench” and testify
from the witness stand.  Accordingly, no
violation of Rule 605 is shown.  See id.

          Article
V, section 11 provides in pertinent part:

No judge shall sit in any case wherein the judge
may be interested, or where either of the parties may be connected with the
judge, either by affinity or consanguinity, within such a degree as may be
prescribed by law, or when the judge shall have been counsel in the case.  

 

Tex. Const. art. V, § 11.

          Roberts
does not contend that the trial judge has any personal interest in his case,
that he is related to any of the parties or attorneys in the case, or that he
has previously served as counsel in the case. 
Thus, no disqualification under article V, section 11 is shown.

          Accordingly,
we overrule Roberts’ third issue.

We affirm the judgment. 

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs only in the
judgment affirming Roberts’s conviction)

Affirmed

Opinion delivered and filed January
 5, 2005

Do not publish

[CRPM]











    [1]       Much of the information regarding the
pretrial hearing is taken from statements of counsel in the hearing on
Roberts’s continuance motion, a transcription of which Roberts attached to his
motion to set aside the indictment for violation of his right to a speedy
trial.  See Santallan v. State, 922 S.W.2d 306, 308 (Tex. App.—Fort Worth
1996, pet. ref’d) (according evidentiary value to undisputed factual assertions
of defense counsel in speedy trial hearing); accord Davis v.
State, 130 S.W.3d 519, 521-22
(Tex. App.—Dallas 2004, no pet.).