COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-336-CR

 

 

JOSE R. MORALES                                                              APPELLANT

 

                                                   V.

 

STATE OF TEXAS                                                                      STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jose R. Morales
pled guilty to aggravated sexual assault of a child, without a plea bargain, on
July 20, 2007.  The trial court assessed
his punishment at forty-five years= confinement.  Appellant did not
file a motion for new trial.








The district clerk=s office received Appellant=s pro se notice of appeal on August 21, 2007, one day late.  See Tex.
R. App. P. 26.2(a)(1); Davis v. State, 130 S.W.3d 519, 520 (Tex.
App.CDallas 2004, no pet.).  On
September 14, 2007, we informed appellant that his notice of appeal was
untimely and requested that he provide this court with sufficient proof of
timely mailing under rule 9.2(b)(2) on or before September 24, 2007.  Tex.
R. App. P. 9.2(b)(2).  We further
stated that if we determined that we do not have jurisdiction over this appeal,
it would be dismissed for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).

On September 25, 2007, we
received a motion from appellant=s retained trial counsel to withdraw as attorney of record; that
motion indicates that trial counsel=s representation ended after the trial and that he was not retained
for an appeal.  On October 3, 2007, we
received a letter from a new attorney, explaining that she has been retained to
pursue a writ of habeas corpus on appellant=s behalf but that she had not been retained in the direct appeal;
nevertheless, she stated her opinion that we do not have jurisdiction over this
direct appeal. 













No party has provided this
court with evidence that would satisfy the proof of mailing requirements in
rule 9.2(b)(2) or that would otherwise show appellant timely mailed the notice
of appeal to the district court.  Cf.
Davis, 130 S.W.3d at 521-22 (holding that counsel=s unsworn letter brief asserting that he timely mailed motion for new
trial was sufficient to prove timeliness of motion and thus extend time for
filing notice of appeal; notice of appeal was therefore timely).  Appellant was in the Tarrant County Jail when
he sent the notice.  There  is no certificate of service or other
indication as to when he tendered the notice to jail officials.  Cf. Villarreal v. State, 199 S.W.3d
30, 31-32 (Tex. App.CSan Antonio
2006, opinion and order) (holding that notice was timely filed when delivered
to jail authorities in properly addressed envelope on or before filing
deadline); Jacobs v. State, 115 S.W.3d 108, 111 (Tex. App.CTexarkana 2003, pet. ref=d) (holding notice timely filed when certificate of service indicated
it was mailed two days before filing deadline). 
And the officer in charge of the jail mailroom informed our clerk that
indigent mail is forwarded to the district clerk=s office by interoffice mail and does not receive a postmark; thus,
there is no way to tell if it is timely mailed when we request proof.  Although it may be unlikely that the notice
was delivered to both jail officials and the district clerk by interoffice mail
on the same day, it is possible, and we have no way of verifying
otherwise.  Cf. Acuna v. State,
988 S.W.2d 299, 300 (Tex. App.CTexarkana 1999, no pet.) (holding notice of appeal timely filed when
filemarked one day late, portion of envelope indicated it had been mailed, and
thus reasonable conclusion was that notice had been timely mailed).  Therefore, the only evidence of the date of
filing of the notice of appeal is the district clerk=s stamp indicating that it was filed on August 21, 2007.  Accordingly, we must hold that appellant=s notice of appeal was untimely filed, and we dismiss this appeal for
want of jurisdiction.[2]  See Tex.
R. App. P. 43.2(f); Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).

 

TERRIE LIVINGSTON

JUSTICE

 

 

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)               

DELIVERED: November 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
also grant trial counsel=s
motion to withdraw.