COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-336-CR

JOSE R. MORALES APPELLANT

V.

STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jose R. Morales pled guilty to aggravated sexual assault of a child, without a plea bargain, on July 20, 2007.  The trial court assessed his punishment at forty-five years’ confinement.  Appellant did not file a motion for new trial.

The district clerk’s office received Appellant’s pro se notice of appeal on August 21, 2007, one day late.  
See
 
Tex. R. App. P.
 26.2(a)(1); 
Davis v. State
, 130 S.W.3d 519, 520 (Tex. App.—Dallas 2004, no pet.).  On September 14, 2007, we informed appellant that his notice of appeal was untimely and requested that he provide this court with sufficient proof of timely mailing under rule 9.2(b)(2) on or before September 24, 2007.  
Tex. R. App. P.
 9.2(b)(2).  We further stated that if we determined that we do not have jurisdiction over this appeal, it would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 43.2(f).

On September 25, 2007, we received a motion from appellant’s retained trial counsel to withdraw as attorney of record; that motion indicates that trial counsel’s representation ended after the trial and that he was not retained for an appeal.  On October 3, 2007, we received a letter from a new attorney, explaining that she has been retained to pursue a writ of habeas corpus on appellant’s behalf but that she had not been retained in the direct appeal; nevertheless, she stated her opinion that we do not have jurisdiction over this direct appeal. 

No party has provided this court with evidence that would satisfy the proof of mailing requirements in rule 9.2(b)(2) or that would otherwise show appellant timely mailed the notice of appeal to the district court.  
Cf. Davis
, 130 S.W.3d at 521-22 (holding that counsel’s unsworn letter brief asserting that he timely mailed motion for new trial was sufficient to prove timeliness of motion and thus extend time for filing notice of appeal; notice of appeal was therefore timely).  Appellant was in the Tarrant County Jail when he sent the notice.  There  is no certificate of service or other indication as to when he tendered the notice to jail officials.  
Cf. Villarreal v. State
, 199 S.W.3d 30, 31-32 (Tex. App.—San Antonio 2006, opinion and order) (holding that notice was timely filed when delivered to jail authorities in properly addressed envelope on or before filing deadline); 
Jacobs v. State
, 115 S.W.3d 108, 111 (Tex. App.—Texarkana 2003, pet. ref’d) (holding notice timely filed when certificate of service indicated it was mailed two days before filing deadline).  And the officer in charge of the jail mailroom informed our clerk that indigent mail is forwarded to the district clerk’s office by interoffice mail and does not receive a postmark; thus, there is no way to tell if it is timely mailed when we request proof.  Although it may be unlikely that the notice was delivered to both jail officials and the district clerk by interoffice mail on the same day, it is possible, and we have no way of verifying otherwise.  
Cf. Acuna v. State
, 988 S.W.2d 299, 300 (Tex. App.—Texarkana 1999, no pet.) (holding notice of appeal timely filed when filemarked one day late, portion of envelope indicated it had been mailed, and thus reasonable conclusion was that notice had been timely mailed).  Therefore, the only evidence of the date of filing of the notice of appeal is the district clerk’s stamp indicating that it was filed on August 21, 2007.  Accordingly, we must hold that appellant’s notice of appeal was untimely filed, and we dismiss this appeal for want of jurisdiction.
(footnote: 2)  
See
 
Tex. R. App. P.
 43.2(f); 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

TERRIE LIVINGSTON

JUSTICE

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED: November 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We also grant trial counsel’s motion to withdraw.